UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CRISTINA ZVUNCA, by and through
her Legal Guardian, Tiberiu Klein,

      Plaintiff–Appellant,

v.

GREYHOUND LINES, INC.,

      Defendant–Appellee.

No. 11-1351
(D.C. No. 1:10-CV-01701-RPM)
(D. Colo.)

TIBERIU KLEIN, individually and as
Executor of the Estate of Claudia Zvunca,

      Plaintiff–Appellant,

v.

WESLEY JAY TATUM; GREYHOUND
LINES, INC.,

      Defendant–Appellee.

No. 11-1353
(D.C. No. 1:02-CV-01827-RPM-GJR)
(D. Colo.)

---

**ORDER AND JUDGMENT**\*

Before **LUCERO**, **MURPHY**, and **MATHESON**, Circuit Judges.

In these consolidated appeals, Tiberiu Klein appeals the district court's dismissal of his wrongful death suits. While this case was pending before our court, the Illinois settlement order on which the district court based its dismissal was vacated by the Illinois Appellate Court. Cushing v. Greyhound Lines, Inc., No. 1-10-3194, 2013 IL App (1st) 103197 (Ill. App. Ct. May 16, 2013). Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the district court's dismissal orders and remand for further proceedings.

**I**

On January 15, 2002, a Greyhound Lines, Inc. ("Greyhound") bus traveling from Las Vegas, Nevada, to Chicago, Illinois, struck and killed passenger Claudia Zvunca during a stop in Grand Junction, Colorado, as she attempted to board the bus. Her daughter, Cristina Zvunca, who was eight years old, witnessed the accident. Tiberiu Klein, an Illinois resident, was married to Claudia at the time of the accident; however, Klein is neither Cristina's biological nor adoptive father.

Charles Dickens could not have imagined a more tortured procedural history preceding this appeal. In May 2002, Klein, "individually and as Executor of the Estate of

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Claudia Zvunca," filed suit against Greyhound and the bus driver, Wesley Jay Tatum, in the Circuit Court for Cook County, Illinois, under the Illinois Wrongful Death Act. Klein had not been appointed representative of Claudia's estate; however, Greyhound never challenged his statements to the contrary. The action was removed to federal court by Greyhound and then transferred to the District of Colorado.

In September 2004, the independent administrator of Claudia's estate brought suit against Greyhound, Tatum, and Motor Coach Industries, Inc. ("Motor Coach"), the bus manufacturer, in the Circuit Court for Cook County in Illinois (hereinafter "Cook County case") under the Illinois Wrongful Death Act.

On April 15, 2005, the District of Colorado denied Greyhound's motion to schedule a pretrial conference and a jury trial, concluding that the then-pending Cook County case should take precedence because it also included claims against the bus manufacturer, Motor Coach, which could not be joined in the Colorado case because doing so would destroy diversity jurisdiction. Greyhound's motion in the Cook County case to stay that action was also denied because Greyhound did not "establish the threshold requirement that the [Colorado] action involve[d] the same parties."

In May 2005, a guardian ad litem was appointed for Cristina, and F. John Cushing was appointed as the independent administrator of Claudia's estate, replacing the initial administrator who had resigned the previous month. During 2007 and 2008, Klein filed various petitions to remove Cushing and to intervene in the Illinois action, all of which were denied.

In November 2007, Klein filed a petition in the probate division of the Illinois courts for guardianship of Cristina. In July 2008, Klein was appointed plenary guardian of the "estate and person" of Cristina by the probate division. However, it is unclear whether the probate division was informed of the proceedings in the law division, in which the Cook County court noted that Klein had not been appointed to act as Cristina's guardian because Klein's and Cristina's interests were potentially divergent. See Marshall v. Motor Coach Indus. Int'l, Inc., No. 1-05-0701, slip op. at 2-3 (Ill. App. Ct. Sept. 30, 2005) (unpublished).

After the Illinois trial court appointed a special administrator for Claudia's estate in 2010, the appellate court vacated that order and held that the trial court lacked authority to appoint a special administrator because a probate estate had been opened. Cushing v. Greyhound Lines, Inc., 965 N.E.2d 1215, 1235 (Ill. App. Ct. 2012). It explained that as the personal representative of the decedent, barring Cushing's removal, Cushing had the exclusive authority to bring a wrongful death action. Id. at 1233.

On July 19, 2010, Klein, on behalf of Cristina, filed a second action in Colorado district court for various claims of negligence against Tatum and Greyhound. According to Klein, this was an action brought solely on behalf of Cristina for her own personal injuries. In addition, Klein asserted in the complaint that he was "the duly appointed Legal Guardian of Cristina Zvunca. Mr. Klein was appointed Legal Guardian on July 18, 2008 when Ms. Zvunca was 14 years old. Letters of Guardianship are attached hereto." However, no such letters were attached.

Meanwhile, Greyhound, Tatum, and the estates of Cristina and Claudia reached a settlement agreement in the Cook County case. On June 10, 2010, and September 1, 2010, respectively, the Cook County trial court held that Greyhound's and Motor Coach's offers in settlement were made in good faith and in the best interests of Cristina. The settlement agreement provided for the release of all claims against Tatum and Greyhound, and the trial judge signed the agreement on behalf of Cristina and the estate of Claudia. Accordingly, on September 24, 2010, the Cook County court dismissed the case with prejudice. Cushing, as administrator of the estate of Claudia, filed an appeal to reverse the Cook County court's order.

On October 14, 2010, Greyhound moved to dismiss the Colorado suit brought in 2010 by Klein on Cristina's behalf. Based on the settlement agreement approved by the Cook County court, the district court dismissed the 2010 action as well as the original 2002 action, concluding that it "must give full faith and credit to orders of the Circuit Court of Cook County." Noting that on June 3, 2010, the Cook County court found a conflict of interest between Klein and Cristina and prohibited Klein and his attorneys from representing Cristina in any capacity with respect to the matters pending in that action, it also stated that "[i]n this court Klein has not shown and cannot show that he has authority to represent the interests of Cristina or the Estate of Claudia Zvunca." Klein's post-judgment motions for reconsideration were denied. Klein appeals the dismissal of

-5-

his 2002 and 2010 cases in this consolidated appeal.[1]

While this appeal was pending, the Illinois Appellate Court vacated the September 24, 2010 trial court order dismissing the Cook County case with prejudice. Cushing, 2013 IL App (1st) 103197. Holding the settlement agreement with Greyhound and Motor Coach invalid, the appellate court stated:

> We conclude that the [September 2010] settlement agreement is invalid because the interests of Claudia's estate were not represented. Additionally, although defendants concede that Klein was a beneficiary of the Illinois action and entitled to a share in the settlement, we disagree with their contention that the court had the authority to settle the wrongful death suit on Klein's behalf. . . . [T]he trial court did not have the authority to settle this wrongful death action on behalf of the personal representative of Claudia's estate. Cushing had that authority . . . . [T]he trial court has no authority to "approve" a settlement agreement between defendants and Claudia's estate, where the estate's representative was not part of the agreement.

Id. at *62. The appellate court then remanded to the trial court.

**II**

The district court dismissed Klein's 2002 and 2010 actions because it concluded that it "must give full faith and credit to orders of the Circuit Court of Cook County." Only final judgments are entitled to full faith and credit. Franchise Tax Bd. of Cal. v. Hyatt, 538 U.S. 488, 494 (2003) (noting the "exacting" nature of the Full Faith and Credit Clause with respect to final judgments). We must "give to a state-court judgment the

---

[1] Klein does not argue that he is appealing the denials of his post-judgment Rule 59 motions in his opening brief and thus we deem any argument on the matter waived. United States v. Cooper, 654 F.3d 1104, 1128 (10th Cir. 2011) ("It is well-settled that arguments inadequately briefed in the opening brief are waived." (quotation and alteration omitted)).

same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). In Illinois, "finality requires that the potential for appellate review must have been exhausted." Ballweg v. City of Springfield, 499 N.E.2d 1373, 1375 (Ill. 1986). In addition, "[a] vacated judgment has no collateral estoppel or res judicata effect under Illinois law (or any other law), and Illinois law is determinative on the question because the judgment in question was rendered by an Illinois state court." Pontarelli Limousine v. City of Chicago, 929 F.2d 339, 340 (7th Cir. 1991) (citations omitted).

The district court's order mentioned several of the Cook County court's preliminary orders, but its discussion focused on the September 24, 2010 final judgment that dismissed the Cook County case with prejudice and the Cook County court order prohibiting Klein from representing Christina in that action.[2] The September 24, 2010 state court judgment has since been vacated. Cushing, No. 1-10-3194, 2013 IL App (1st) 103197, at *62. Because the final judgment to which the district court gave "full faith and credit" has been vacated and thus has no collateral estoppel or res judicata effect

---

[2] We note that the district court mentioned the June 3, 2010 order in which the Cook County court prohibited Klein from representing Cristina in any capacity with respect to that case. It is unclear how the Illinois appellate court's decision to vacate the September 2010 settlement and dismissal orders affects the June 3, 2010 order or whether the June 3, 2010 order was final. It is also unclear to what extent the district court relied on the June 3, 2010 order in giving full faith and credit to the now vacated September 24, 2010 dismissal. Because any settlement order presuming to adjudicate the rights of Klein as either a beneficiary or representative of Claudia's or Cristina's estate has now been vacated and we vacate the dismissal of Klein's cases on that basis, and because it is unclear which orders the district court relied on, we need not reach the merits of Klein's authority to proceed on behalf of either Claudia or Cristina.

under Illinois law, <u>see</u> <u>Pontarelli</u>, 929 F.2d at 340, we vacate the district court's dismissal orders.

III

For the foregoing reasons, the judgment of the district court is **VACATED**.  We **REMAND** the case to the district court for further proceedings.

Entered for the Court


Carlos F. Lucero
Circuit Judge